UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ROOFING INDUSTRY PENSION PLAN, et al., | No. 2:15-cv-1571 WBS CKD |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| FRYER ROOFING CO., INC., et al., | |
| Defendants. | |

Presently before the court is plaintiffs' motion for default judgment against defendants Fryer Roofing Co., Inc. and David Fryer. This matter was submitted without oral argument. The undersigned has fully considered the briefs and record in this case and, for the reasons stated below, will recommend that plaintiffs' motion for default judgment be granted.

This action is an ERISA collection case to enforce a stipulated judgment entered in a prior action, National Roofing Industry Pension Plan, et al. v. Fryer Roofing Co., Inc., 2:14-cv-1765 MCE KJN (E.D. Cal.). Defendant David Fryer signed a personal guaranty in the prior action, guaranteeing the amounts in the stipulated judgment and any future amounts owing by defendant Fryer Roofing Co., Inc. The record reflects that defendants were properly served on July 29, 2015. ECF Nos. 5, 6. Default against defendants was entered on August 31, 2015. ECF No. 8. In the motion for default judgment, plaintiffs seek judgment against defendant David Fryer

individually for the amount of the judgment entered in case no. 2:14-cv-1765 MCE KJN ($74,800) and judgment against both defendants, jointly and severally, in the amount of $40,909.08, comprising $26,453.67 in unpaid contributions, $2,645.37 in liquidated damages, $1,288.79 in interest, and $10,521.25 in attorneys' fees and costs.  Plaintiffs also seek injunctive relief.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The application for default judgment and the exhibits and affidavits attached thereto also support the finding that plaintiffs are entitled to injunctive relief as set forth in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint.  Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974).  Plaintiffs are also entitled to attorneys' fees under the collective bargaining agreement and Trust Agreements at issue here and the amount claimed is reasonable. Chang Decl.; Exh. A, Article IX, Section 10; Exhibit B, Article VI, Section 6.030; Bohrer Decl.; ECF Nos. 9-2 to 9-11.  There are no policy considerations which preclude the entry of default judgment of the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986) (factors that may be considered by the court are possibility of prejudice to the plaintiff, merits of plaintiff's substantive claim, sufficiency of the complaint, sum of money at stake in the action; possibility of a dispute concerning material facts; whether the default was due to excusable neglect, and strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits).

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 9) against defendants Fryer Roofing Co., Inc. and David Fryer be granted;

2. Judgment be entered in favor of plaintiffs as follows:

    a. Against David Fryer individually in the amount of **$74,800**;

    b. Against Fryer Roofing Co., Inc. and David Fryer, jointly and severally, in the

amount of $26,453.67 in unpaid contributions, $2,645.37 in liquidated damages, $1,288.79 in interest, and $10,521.25 in attorneys' fees and costs, for a total of **$40,909.08**;

    3. Defendants Fryer Roofing Co., Inc. and David Fryer, be permanently enjoined, for so long as they remain obligated to contribute to plaintiffs' Trust Funds, from failing, neglecting, or refusing to timely submit required monthly contribution reports and payments as required by the terms of the collective bargaining agreement and Trust Agreements; and

    4. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 30, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 natlroofing1571.def